IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILTON EUGENE JONES,

    Petitioner,               No. CIV S 07-2682 MCE GGH P

    vs.

SUZAN HUBBARD, et al.,

    Respondents.            ORDER

_____/

        Petitioner pro se, a state prisoner, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner, on March 29, 2006, was sentenced to a total of nine years in state prison for an attempted carjacking, for a robbery for which petitioner had been on probation, and for a prior serious felony conviction. Petition, pp. 1, 12; Motion to Dismiss (MTD, p. 2. Petitioner's grounds for his challenge to the judgment are: 1) insufficient evidence; 2) prosecutorial misconduct; 3) improper exclusion of alibi evidence. Petition, pp. 1-50. Respondent, on February 6, 2008, filed a motion to dismiss for failure to exhaust state court remedies, contending that claim 2 of the petition is unexhausted.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

On February 21, 2008, petitioner filed a statement of non-opposition, conceding that claim 2 is not exhausted, and asking that the court proceed on the claims for which respondent has conceded exhaustion: claims 1 and 3.  Statement of Non-Opposition, filed on February 21, 2008.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss, filed on February 6, 2008 (#9), construed as a motion to strike the unexhausted claim from the petition, to which petitioner has filed a statement of non-opposition, is granted, and claim 2 is stricken from the petition;

2. This petition now proceeds as to exhausted claims 1 and 3;

3. Respondent must file an answer within thirty days of the date of this order, after which petitioner has thirty days to file a reply/traverse.

DATED:  03/18/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
jone2682.mtd

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).