# United States District Court
# Eastern District of California

| | |
|---|---|
| WILTON EUGENE JONES,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>SUZAN HUBBARD, *et al*.,<br><br>　　　　　　Respondents. | CV 07-02682 TJH<br><br><br>Order<br>JS-6 |

　　　On the evening of February, 27, 2005, at a gas station in Vallejo, California, Jones walked up to the car of Korinne Munson ["Munson"], opened the door and got in the driver's seat. Jones looked down toward the right of the steering wheel where the ignition switch was and motioned with his right hand as if he were about to start the car. Munson yelled and pulled on Jones's shoulder until he got out of the car. After Jones had walked away Munson called the police, and Jones was arrested later that evening. The police determined that the crime took place at approximately 5:44 p.m.

　　　During the trial, Jones offered a video tape purporting to show him in a convenience store at or about the time of the attempted carjacking of Munson's car.

The time on the video tape showed Jones entering the convenience store at 5:59 p.m. The court submitted this alibi evidence to the jury with instructions limiting its consideration of the video tape. The jury was instructed not to make any assumption about the video tape based upon the time stamp because there was no proof of the time stamp's accuracy. The jury, however, was free to consider for itself whether the date and time were accurate.

On November 8, 2005, a jury convicted Jones on one count of attempted carjacking and one count of attempted unlawful driving or taking of a vehicle. The court sentenced Jones to a total of nine years. Jones appealed the judgment, and on July 19, 2007, the California Court of Appeal affirmed the judgment. On October 17, 2007, the California Supreme Court denied review.

Jones claims he is entitled to *habeas corpus* relief because the state trial court improperly excluded his alibi evidence and convicted him of carjacking without sufficient evidence in violation of his Fourteenth Amendment due process rights.

This Court may only grant *habeas* relief when the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1). An unreasonable decision applies the law to the facts in a manner that is not merely erroneous but objectively unreasonable. *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360, 154 L. Ed. 2d 279, 286 (2002).

Contrary to Jones's claim, his alibi evidence was not excluded, nor was the court's instruction limiting the jury consideration of the alibi evidence improper. Further, an improper jury instruction only violates due process when there is a reasonable likelihood that the ailing instruction, by itself, so infected the entire trial

that the resulting conviction violates due process. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S. Ct. 475, 482, 116 L. Ed. 2d 385, 399 (1991). There was no reasonable likelihood that the jury instruction "infected the entire trial" in violation of due process, because the jury was only told not to assume, from the admission of the videotape, that the time stamp on it was accurate.

Moreover, it is likely that the conviction would have been the same despite the jury instruction. The crime occurred at 5:44 p.m. The videotape showed Jones getting into the convenience store at 5:59 p.m. The convenience store was approximately seven blocks from the gas station where the attempted carjacking occurred. The prosecutor argued that there was enough time for Jones to attempt the carjacking at 5:44 p.m. and, then, walk into the convenience store at 5:59 p.m. Additionally, Munson repeatedly identified Jones as the culprit and surveillance footage from the gas station placed Jones at the scene of the crime. The jury instruction was harmless in light of all the evidence against Jones, and did not preclude the possibility that Jones did not commit the crime. Thus, the instruction did not so infect the entire trial, so that the resulting conviction violated Jones's due process rights.

Jones's attempted carjacking conviction was supported by sufficient evidence. Due process prohibits conviction except upon sufficient proof, *i.e.*, evidence from which any rational trier of fact could find, beyond a reasonable doubt, the existence of every element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct 2781, 2789, 61 L. Ed. 2d 560, 573 (1970). Under California law, "to establish an attempt, it must appear that the defendant had a specific intent to commit a crime and did a direct, unequivocal act toward that end; preparation alone is not enough, and some appreciable fragment of the crime must have been accomplished." *People v. MacEwing* 216 Cal. App. 2d 33, 47-48, 30 Cal. Rptr. 476, 485 (1963).

Jones got into the driver's seat and reached for the ignition while looking for the keys, despite Munson's protests. It is reasonable to infer that he wanted to start the car and drive away, thus, forcefully taking the car. Jones was unable to do so merely because the keys were not there. Furthermore, Jones's failure to heed Munson's protests supported an inference that he intended to instill fear in her in order to suppress further resistance and to allow him to accomplish his task. A rational trier of fact could infer that Jones had the intent to take the car by means of force or fear.

Therefore, the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

It is Ordered that the petition for *habeas corpus* be, and hereby is, Denied.

Date: June 15, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge